IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TINA L. THOMAS,                         :

        Plaintiff,              :   Case No. 3:07cv167

  vs.                                  :   JUDGE WALTER HERBERT RICE

COMMISSIONER OF SOCIAL SECURITY,  :

        Defendant.              :

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS
OF UNITED STATES MAGISTRATE JUDGE (DOC. #13) IN THEIR
ENTIRETY; DEFENDANT'S OBJECTIONS TO SAID JUDICIAL FILING
(DOC. #15) OVERRULED; JUDGMENT IS TO BE ENTERED IN FAVOR OF
THE PLAINTIFF AND AGAINST DEFENDANT COMMISSIONER,
VACATING THE COMMISSIONER'S FINDING OF NON-DISABILITY, AND
REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT
COMMISSIONER, PURSUANT TO SENTENCE FOUR OF 42 U.S.C.
§ 405(g), FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS
COURT'S ORDER; TERMINATION ENTRY

---

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits.  On August 1, 2008, the United States Magistrate Judge filed a Report and Recommendations (Doc. #13), recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act be vacated; that no finding be made as to

whether Plaintiff was under a "disability" within the meaning of the Social Security Act during the relevant time period; and that the captioned cause be remanded to the Defendant Commissioner and the Administrative Law Judge, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further consideration and procedures consistent with her Report and Recommendations.  Based upon reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (Doc. #13), in the Plaintiff's Reply (Doc. #16) to Defendant's Objections (Doc. #15) to the Magistrate Judge's Report and Recommendations, as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript (filed with Defendant's Answer at Doc. #5), and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in their entirety and, in so doing, orders the entry of judgment in favor of the Plaintiff and against the Defendant Commissioner, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence; vacating the Commissioner's finding of non-disability; making no finding as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act during the relevant period of time; and remanding the captioned cause to the Defendant Commissioner and the Administrative Law Judge, under Sentence Four of 42 U.S.C. § 405(g), for further consideration and proceedings consistent with this

Opinion.  The Defendant's Objections to said judicial filing (Doc. #15) are overruled.  Accordingly, said decision is vacated.

In reviewing the Commissioner's decision, the Magistrate's task is to determine if that decision is supported by "substantial evidence."  42 U.S.C. § 405(g).  Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made.  This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982).  This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision.  The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986).  Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th

Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established… [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th

Cir. 2001).   If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion.  Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. The Court agrees with the Magistrate Judge's conclusion that the Administrative Law Judge's finding of residual functional capacity is not supported by substantial evidence, given that the Administrative Law Judge erred in his assessment of the treating psychiatrist's opinion.

2. Moreover, this Court concludes that remand for further proceedings, rather than for the payment of benefits, must be ordered, given that, while substantial evidence does not support the Commissioner's decision, all essential factual issues have not been resolved and the record does not, at this juncture, establish Plaintiff's entitlement to benefits.

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #13) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was

not supported by substantial evidence.  Defendant's Objections to said judicial filing (Doc. #15) are overruled.  Judgment will be ordered entered in favor of the Plaintiff and against the Defendant Commissioner, vacating the Commissioner's finding of non-disability; making no finding as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act during the period of time at issue; and remanding the captioned cause to the Defendant Commissioner and the Administrative Law Judge, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further proceedings consistent with this Opinion and the Magistrate Judge's Report and Recommendations, to wit: to re-evaluate, and explain the re-evaluation of the medical sources of record as required by the Regulations, Rulings and prevailing case law; to determine the extent, if any, to which the Plaintiff's condition during the relevant time period was caused by or exacerbated by any alleged cocaine dependency, under remission; and to determine anew whether Plaintiff is under a "disability" within the meaning of the Social Security Act.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

September 24, 2008              /s/ Walter Herbert Rice
                               WALTER HERBERT RICE, JUDGE
                               UNITED STATES DISTRICT COURT

Copies to:

Gary M. Blumenthal, Esq.
John J. Stark, Esq.
Kathryn A. Beverly, Esq.