# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| TINA THOMAS, | : | |
| Plaintiff, | : | |
| | | Case No. 3:07cv00167 |
| vs. | : | |
| | | District Judge Walter Herbert Rice |
| MICHAEL J. ASTRUE, | : | Magistrate Judge Sharon L. Ovington |
| Commissioner of the Social Security Administration, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiff brought this case seeking judicial review of the Social Security Administration's decision to deny her applications for Disability Insurance Benefits and Supplemental Security Income. The Court previously remanded the case, under sentence four of 42 U.S.C. §405(g), for further administrative proceedings, and the Clerk of Court entered Judgment in Plaintiff's favor and against the Commissioner. (Doc. #s 13, 15, 17, 18).

The case is presently before the Court on Plaintiff's Motion For Attorney Fees And Costs Under Equal Access To Justice Act (EAJA), 28 U.S.C. § 2412(d) (Doc. # 19), the Commissioner's Response (Doc. # 20), and the record as a whole. Plaintiff seeks an

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

award of attorney's fees in the amount of $3,836.78 for 22.80 hours of work at the rate of $168.28 per hour. (Doc. # 19, PageID at 124). The Government contends that an award of EAJA attorney fees is not warranted because its position in support of the Administrative Law Judge was substantially justified.

The EAJA provides attorney fees to a party who prevails in a civil action against the United States "when the position taken by the Government is not substantially justified and no special circumstances exist warranting a denial of fees." *Bryant v. Commissioner of Social Sec.*, 578 F.3d 443, 445 (6th Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)(A)). In the present case, Plaintiff became the prevailing party when she obtained a remand, under sentence four of 42 U.S.C. §405(g), for further administrative proceedings. *See Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993). The parties' dispute thus focuses on whether the Government's position in support of the ALJ's decision was substantially justified. *See, e.g., Pierce v. Underwood*, 487 U.S. 552, 108 S.Ct. 2541 (1988).

> A position is substantially justified when it is "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 565, 108 S.Ct. 2541. Stated otherwise, a position is substantially justified when it has a "reasonable basis both in law and fact." *Id*. The fact that . . . the Commissioner's position was unsupported by substantial evidence does not foreclose the possibility that the position was substantially justified. *See id*. at 569, 108 S.Ct. 2541; *Jankovich v. Bowen*, 868 F.2d 867, 870 (6th Cir. 1989). Indeed, "Congress did not . . . want the 'substantially justified' standard to 'be read to raise a presumption that the Government position was not substantially justified simply because it lost the case. . . .'" *Scarborough* [*v. Principi*, 541 U.S. 401, 415, 124 S.Ct. 1856, 1866 (2004)] (quoting *Libas, Ltd. v. United States*, 314 F.3d 1362, 1365 (Fed. Cir. 2003)).

2

*Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004).  The Government bears the burden of establishing that its position was substantially justified.  *Scarborough*, 541 U.S. at 414-15, 124 S.Ct. at 1865-66.

The Government contends that its decision to support the Administrative Law Judge's (ALJ's) denial of benefits was substantially justified for many reasons.  Beginning with Plaintiff's treating psychiatrist, Dr. Siddiqi, the Government points out that the ALJ's "exhaustive explanation why he did not give Dr. Siddiqi's opinion controlling weight, while not supported by substantial evidence, met the lesser standard of substantial justification. . . .  Considering the frequency and length of treatment provided by Dr. Siddiqi, the ALJ's discounting of his opinion was substantially justified." (Doc. #20, PageID at 133).  The Government further maintains that the ALJ reasonably discounted Dr. Siddiqi's opinion because she did not discuss the role of cocaine use on Plaintiff's functioning.  The Government also asserts, in part, that the ALJ's assessment of Plaintiff's mental Residual Functional Capacity was well founded despite the Court's determination that substantial evidence did not support the ALJ's discounting of Dr. Siddiqi's diagnosis of bipolar disorder.

The Government's reasons for supporting the ALJ's decision with regard to Dr. Siddiqi fall short of establishing substantial justification because the ALJ's evaluation of Dr. Siddiqi's opinions was fraught with error.  The Court detailed the ALJ's errors previously in this case:

> Substantial evidence does not support the ALJ's factual finding that

3

Plaintiff rarely sees [Dr. Siddiqi]. Plaintiff first saw Dr. Siddiqi in November 2003, and then saw her ten more times in the next year and a half before preparing an assessment of her ability to functions. *See* Tr. 269-96, 346-56. No reasonable person could conclude that this frequency and length of treatment was tantamount rare psychiatric treatment. And, consequently, substantial evidence does not support the ALJ's finding that Dr. Siddiqi "rarely sees" Plaintiff. (Tr. 28).

The ALJ's second reason for not placing controlling weight on Dr. Siddiqi's opinion concerned the ALJ observation that Dr. Siddiqi "never alludes to the client's cocaine dependence." (Tr. 28). Assuming this was an attempt by the ALJ to explain why Dr. Siddiqi's opinion was not well supported, a factor necessary to trigger the treating physician rule, *see* 20 C.F.R. §404.1527(d)(2), substantial evidence does not support the ALJ's "never alludes to" finding. In her initial evaluation of Plaintiff, Dr. Siddiqi notes that Plaintiff had a history of cocaine (until May 2003) and she also diagnosed "cocaine dependence" and that Plaintiff had been clean for several months. (Tr. 278). Thus, contrary to the ALJ's opinion that Dr. Siddiqi "never alludes to" Plaintiff's cocaine dependence, Dr. Siddiqi alluded to and diagnosed this early during Plaintiff's treatment. *See id*. Substantial evidence therefore fails to support this as a reason to reject Dr. Siddiqi's opinions.

ALJ Padilla next noted, "Dr. Siddiqi also keeps referring to the client's condition as bipolar disorder which is not well supported by objective medical evidence . . . as the 'manic' symptoms appear to be related solely to the crack cocaine." (Tr. 28). The first problem with this reason is that the ALJ relied on his own lay medical diagnosis, rather than the diagnosis or opinion of a medical source, to reject Dr. Siddiqi's diagnosis of bipolar disorder. This constitutes error, because "an ALJ must not substitute his own judgment for a physician's opinion without relying on other evidence or authority in the record." *Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000); *see Meece v. Barnhart*, 2006 WL 2271336, *8 (6th Cir. 2006)(the ALJ may not substitute his own medical judgment for that of the treating physician where the opinion of the treating physician is supported by the medical evidence); *see also Rosa v. Callahan*, 168 F.3d 72, 78-79 (2nd Cir. 1999) ("[T]he ALJ cannot arbitrarily substitute his own judgment for competent medical opinion."). Dr. Siddiqi explained, moreover, that Plaintiff would have no ability to withstand the pressure of meeting normal standards of work production due to her "mood lability," and that she could not sustain attention and concentration on her work to

4

>meet normal standards of work productivity because she was "easily distracted due to racing thoughts & poor impulse control." (Tr. 362). Thus, contrary to the ALJ's decision, Dr. Siddiqi grounded her opinions, including her diagnosis of bipolar disorder, in part on symptoms consistent with the "manic" component of Plaintiff's bipolar disorder. *See* Tr. 358-62; *see also* Diagnostic and Statistical Manual of Mental Disorders, 4th ed., Text Revision at pp. 382-87.
>
>In addition, the ALJ erred by requiring objective evidence to support Dr. Siddiqi's opinions. As the United States Court of Appeals for the Sixth Circuit has explained:
>
>>In general, mental disorders cannot be ascertained and verified as are most physical illnesses, for the mind cannot be probed by mechanical devices . . . in order to obtain objective clinical manifestations of mental illness. . . . [W]hen mental illness is the basis of a disability claim, clinical and laboratory data may consist of the diagnosis and observations of professionals trained in the field of psychopathology. The report of a psychiatrist should not be rejected simply because of the relative imprecision of the psychiatric methodology or the absence of substantial documentation, unless there are other reasons to question the diagnostic techniques.
>
>*Blankenship v. Bowen*, 874 F.2d 1116, 1121 (6th Cir. 1989) (quoting *Poulin v. Bowen*, 817 F.2d 865, 873-74 (D.C. Cir. 1987) (other citation omitted)).

(Doc. #13, PageID at 91-94) (footnote omitted).

The Government contends that its support for the ALJ's decision was substantially justified because other evidence of record supported the ALJ's decision including the opinions of Drs. Leon and McIntosh. Yet, the ALJ's decision with regard to Drs. Leon and McIntosh was unsupported by explanation. As previously explained in this case:

>Turning to the medical sources upon whom the ALJ relied – Dr. Leon (an earlier treating psychiatrist) and Dr. McIntosh (a one-time examiner) – the ALJ noted that they "did not assess the claimant as disabled." (Tr. 29). While it is unclear whether the ALJ thought this was a

> further reason to reject Dr. Siddiqi's opinion, *see* Tr. 27-28, the ALJ provided no explanation or indication of what regulatory factors led him to accept the opinions of Drs. Leon and McIntosh over the opinions of Dr. Siddiqi. *See id.* The ALJ was also swayed in his evaluation of the evidence by the fact that while Plaintiff was pregnant and breastfeeding, she was not on her regular medications. The ALJ wrote, "If the claimant has the severity of symptoms alleged, surely medications necessary to maintain adequate mental functioning would be more important than breastfeeding, especially since she lives alone with her infant and is the primary caregiver." (Tr. 30). Plaintiff correctly points out that a decision regarding what medications Plaintiff should or should not be taking while pregnant and breastfeeding is a medical decision. The ALJ, moreover, did not rely on a medical opinion to support his implicit belief that the her medications were unnecessary or his explicit finding that her symptoms were not as severe as alleged. The ALJ, moreover, overlooked or ignored that even though Plaintiff lives alone with her baby, she obtains significant help from her mother and other family members. Her mother visits almost daily and helps with housework. Her aunts and cousins also provide similar help.

(Doc. #13, PageID at 94-95).

Although the Commissioner correctly points out that a "reversal of the denial of benefits and a remand for clarification does not automatically mean the Commissioner's decision to defend the ALJ's decision was unreasonable," *Anderson v. Commissioner of Social Sec.*, 1999 U.S. LEXIS 29996 at *13 (6th Cir. 1999); *see Howard*, 376 F.3d at 554, the significance of the ALJ's errors both in failing to evaluate Dr. Siddiqi's opinions as required by law and in failing to explain his decision to credit the opinions of Drs. Leon and McIntosh, and in light of the other reasons reiterated above, the Government's defense of the ALJ's decision lacks a reasonable basis in fact and law. The Commissioner, therefore, has not met his burden of establishing that his support for the ALJ's decision was substantially justified or that an EAJA award to Plaintiff will be

6

unjust. *Howard*, 376 F.3d at 554 ("Under the circumstances of this case, where the administrative law judge was found to have selectively considered the evidence in denying benefits, we hold that the Commissioner's decision to defend the administrative law judge's denial of benefits is without substantial justification.").

Lastly, Plaintiff is entitled to an EAJA award in the total amount she seeks, equaling $3,836.78 (22.80 hours of work at the rate of $168.28 per hour). The Government does not object to this amount, and Plaintiff's EAJA Motion pre-dates the requirements set forth in *Bryant v. Commissioner of Social Sec.*, 578 F.3d 443 (6th Cir. 2009).

Accordingly, Plaintiff's EAJA motion is well taken.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Motion for an Award of Attorney Fees Pursuant to the Equal Justice Act (Doc. #19) is GRANTED in part to the extent Plaintiff is entitled to an EAJA award in the total amount of $3,836.78; and

2. The case remain terminated on the docket of this Court.

May 23, 2012

                                              s/ Sharon L. Ovington
                                                Sharon L. Ovington
                                            United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).